IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NICOLA HUDSON,  )  )  Plaintiff,  )  )  v.  )  )  TYSON FOODS, INC.,  )  )  Defendant.  )  )  ) | CIVIL ACTION NO. 5:16-CV-402 (MTT) |

## ORDER

Before the Court is the Plaintiff's motion to appoint counsel. (Doc. 2). The Plaintiff brought her complaint for employment discrimination pursuant to the Americans with Disabilities Act.

The ADA incorporates several provisions of Title VII, including 42 USC § 2000e-5. As a result, courts have similar discretion to appoint counsel under ADA as under Title VII. *Donohoe v. Food Lion Stores, Inc.*, 253 F.Supp.2d 1319, 1321 (N.D. Ga 2003). There is no automatic right to appointed counsel in an ADA case. *Id.* However, 42 U.S.C. § 2000e-5(f)(1) authorizes the appointment of counsel "in such circumstances as the Court may deem just," and pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Donohoe*, 253 F.Supp.2d at 1321(quoting *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D.Tex.1995)) (stating that decision is within discretion of district court). Rather, "it is a privilege that is

justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, a district court typically considers several factors including the Plaintiff's ability to afford counsel; the Plaintiff's efforts to obtain counsel; the merits of the claim; and whether the legal or factual complexity of the case warrants the assistance of counsel. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989); *Donohoe*, 253 F.Supp.2d at 1321.

After careful consideration, the court finds that appointment of counsel is unwarranted because (1) the Plaintiff has not attempted to obtain counsel; and (2) the factual and legal complexities of the Plaintiff's claims do not warrant the assistance of counsel. When examining the merits of the case, the court, accepting the Plaintiff's allegations as true, must only determine whether the complaint is frivolous. *Donohoe*, 253 F.Supp.2d at 1322. Here, accepting the allegations in the Plaintiff's pro se complaint as true, the Plaintiff's claim is not frivolous. (Doc. 1). However, the merits of her case do not indicate "exceptional circumstances" sufficient to overcome the other relevant factors. *Wahl*, 773 F.2d at 1174. In her motion, the Plaintiff states she is unable to afford counsel but has provided no factual basis for this assertion. (Doc. 2). Based on a review of the other relevant factors, further inquiry into the Plaintiff's finances is not required. *See Donohoe*, 253 F.Supp. 2d at 1321-1322 (stating further evidence of a plaintiff's finances is needed only when the other factors reveal the appointment of counsel is warranted.)

The Plaintiff has provided no evidence that she has made any attempts to obtain counsel outside of filing this motion. Additionally, her claims are neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174 (finding no exceptional circumstances

where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). When evaluating the complexity of Plaintiff's claim, the court must analyze the Plaintiff's ability to present her case without counsel. *Donohoe*, 253 F.Supp.2d at 1323. Here, the Plaintiff's claim is a relatively straightforward employment discrimination claim involving incidents particular to the Plaintiff. *Cf. Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (finding no exceptional circumstances where plaintiff's claims were based on incidents mostly witnessed by himself). In light of the Plaintiff's prior filings, both the complaint in this case and her filings in a previous case, the Court finds the Plaintiff has the ability to understand the relevant substantive and procedural issues and is capable of representing herself adequately in this matter. *See Hudson v. Middle Flint Behavior Healthcare et al*, 5:12-CV-00284-MTT. Because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED**.

Additionally, the Plaintiff has failed to pay the appropriate filing fee along with her complaint. Accordingly, the Plaintiff is **ORDERED** to pay the required filing fee within **14 days** of the entry of this Order. Alternatively, the Plaintiff may file a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Plaintiff must file an Application to Proceed without Prepaying Fees (IFP) Non-Prisoner Long Form within **14 days** of the entry of this Order for her Motion to be given consideration. The Clerk's Office is directed to forward the IFP Non-Prisoner form to the Plaintiff. If the Plaintiff fails to pay the filing fee or to file an IFP as ordered, her complaint will be dismissed.

**SO ORDERED**, this 20th day of September, 2016.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT