IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NICOLA HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-cv-402 (MTT) |
| | ) |
| TYSON FARMS INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court granted summary judgment and entered judgment in Defendant Tyson Farms, Inc.'s favor on January 19, 2018. Docs. 34; 35. The Clerk of Court then granted Tyson's request for a bill of costs (Doc. 39) under Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 over Plaintiff Nicola Hudson's objection. Doc. 42. Hudson now moves for reconsideration of that order, and that motion is **DENIED**.

Under Rule 54(d), there is a presumption that a prevailing party is entitled to an award of costs, and, the non-prevailing party bears the burden of showing that an award of costs would be inequitable under the circumstances. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000); *Nobles v. Rural Cmty. Ins. Servs.*, 490 F. Supp. 2d 1196, 1201 (M.D. Ala. 2007). Hudson contends that an award of costs would be inequitable because of her financial situation. Doc. 43.

A court has limited discretion to consider a non-prevailing party's financial status in examining an award of costs. *Chapman*, 229 F.3d at 1039. For that factor to be considered, "there [must] be clear proof of the non-prevailing party's dire financial circumstances." *Id*. Indeed, only in "rare circumstances [may] the non-prevailing party's

financial circumstances [be] considered." *Id*. If it considers the non-prevailing party's financial status in examining an award of costs, the court "should require substantial documentation of a true inability to pay." *Id*. (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) and *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 447 (4th Cir. 1999)). And even then, a court may not decline to award any costs at all because of the non-prevailing party's financial status. *Id*.; *cf. Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982) ("[I]n no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition. A fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence.").

Here, Hudson states that she is currently unemployed, because she does not have transportation, and that she depends on support from her mother to care for herself and her small child. Doc. 43. To prove her financial status, Hudson attaches an affidavit from her mother stating she "help[s] . . . Hudson, and her son, financially, at this time" and that Hudson "has an inability to pay any taxation of costs at this time, because she is unemployed, and actively seeking work." Doc. 43-1. The Court does not doubt the sincerity of either Hudson or her mother's assertions regarding Hudson's financial status. However, Hudson has not provided "clear proof of [her] dire financial circumstances" to allow the Court to even consider that factor. *See Chapman*, 229 F.3d at 1039. Moreover, her mother's affidavit alone does not constitute "substantial documentation." *See id*. And even so, the Court may not decline to award any costs at all like Hudson requests. *See id*.

Accordingly, Hudson's motion for reconsideration (Doc. 43) is **DENIED**.

**SO ORDERED**, this 8th day of June, 2018.

                                                      S/ Marc T. Treadwell
                                                     MARC T. TREADWELL, JUDGE
                                                     UNITED STATES DISTRICT COURT