IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NICOLA HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-cv-402 (MTT) |
| | ) |
| TYSON FARMS INC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Court granted summary judgment and entered judgment in Defendant Tyson Farms, Inc.'s favor on January 19, 2018. Docs. 34; 35. The Clerk of Court then granted Tyson's request for a bill of costs (Doc. 39) under Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 over Plaintiff Nicola Hudson's objection. Doc. 42. On June 8, 2018, the Court denied Hudson's motion to reconsider (Doc. 43) that order. Doc. 44. Hudson now again moves the Court to reconsider the grant of a bill of costs to Tyson, and that motion is also **DENIED**. Doc. 45.

Under Rule 54(d), there is a presumption that a prevailing party is entitled to an award of costs, and, the non-prevailing party bears the burden of showing that an award of costs would be inequitable under the circumstances. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000); *Nobles v. Rural Cmty. Ins. Servs.*, 490 F. Supp. 2d 1196, 1201 (M.D. Ala. 2007). Hudson contends that an award of costs would be inequitable because of her financial situation. Doc. 43.

A court has limited discretion to consider a non-prevailing party's financial status in examining an award of costs. *Chapman*, 229 F.3d at 1039. For that factor to be

considered, "there [must] be clear proof of the non-prevailing party's dire financial circumstances." *Id.* Indeed, only in "rare circumstances [may] the non-prevailing party's financial circumstances [be] considered." *Id.* If it considers the non-prevailing party's financial status in examining an award of costs, the court "should require substantial documentation of a true inability to pay." *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) and *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 447 (4th Cir. 1999)). And even then, a court may not decline to award any costs at all because of the non-prevailing party's financial status. *Id.*; *cf. Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982) ("[I]n no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition. A fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence.").

In its previous order, the Court stated it did not doubt the sincerity of Hudson's assertions regarding her financial status but found that "Hudson has not provided 'clear proof of [her] dire financial circumstances' to allow the Court to even consider that factor." Doc. 44 at 2 (alterations in original) (quoting *Chapman*, 299 F.3d at 1039). Moreover, the Court found that Hudson's evidence, which consisted of an affidavit by her mother, did not amount to "substantial documentation." *Id.* Nothing in Hudson's latest motion leads the Court to reconsider this decision. In lieu of the affidavit by her mother, Hudson now filed a list of her monthly expenses. Doc. 45-1. This also fails to provide clear proof of her financial circumstances to even allow the Court to consider that factor much less substantial documentation of her financial difficulties. And, as

stated in the Court's previous order, the Court may not decline to award any costs at all like Hudson requests. *See Chapman*, 299 F.3d at 1039.

Accordingly, Hudson's second motion for reconsideration (Doc. 45) is **DENIED**.

**SO ORDERED**, this 18th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
