# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| NICOLA HUDSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-cv-402 (MTT) |
| TYSON FARMS INC, | ) |
| Defendant. | ) |

## ORDER

On January 19, 2018, the Court granted summary judgment and entered judgment in favor of Defendant Tyson Farms, Inc. Docs. 34; 35. The Clerk of Court then granted Tyson's request for a bill of costs (Doc. 39) under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Plaintiff Nicola Hudson has filed three motions for reconsideration of that order, and they have been denied. Docs. 44; 46; 48. The plaintiff now files a "Motion Requesting Another Judge," which the Court construes as a motion for recusal. Doc. 49. For the reasons stated below, that motion is **DENIED**.

The plaintiff's motion references the denied motions for reconsideration of the Court's granting Tyson's request for a bill of costs. *Id.* at 1. According to the plaintiff, her motions to reconsider were wrongly denied. She also complains of difficult treatment by the opposing party's lawyers during her deposition. *Id.* at 2. Liberally construed, Hudson's motion seeks relief under 28 U.S.C. § 144 and 28 U.S.C. § 455, the two statutes which govern recusals.

Under 28 U.S.C. § 455, a justice, judge, or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"Recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Williams v. Marshall*, 319 F. App'x 764, 768-69 (11th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)). However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Carter v. West Publ. Co.*, 1999 WL 994997, at *2 (11th Cir. 1999) (alteration in original) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Thus, a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation," and "Section 455 does not require the judge to accept all allegations by the moving party as true." *U.S. v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *Phillips v. Joint Legislative Com.*, 637 F.2d 1014 (5th Cir. 1981) (Unit A)).

The plaintiff's main concern appears to be disagreement with the Court's disposition of her motions for reconsideration. Doc. 49 at 1. As to judicial bias, the plaintiff only alleges that she "do[es] not feel as if [she] [is] being treated fairly." *Id.* at 2. Under the statute, however, the bias will not disqualify a judge unless it is personal, meaning that it must "stem from an extra-judicial source . . ." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 964–65 (5th Cir. 1980) (internal quotation marks and citations omitted). Consequently, adverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias. *See U.S. v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). The plaintiff's disagreement with prior rulings of the Court

thus does not provide a basis for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))).  The plaintiff's remaining concern about fairness is unsupported with any specific factual allegations and insufficient to establish that this Court has any personal bias against her.

The plaintiff is not entitled to relief under § 144 for the same reason.  *See Kapordelis v. Carnes*, 482 F. App'x 498, 499 (11th Cir. 2012) ("The conclusory allegations fail to meet the objective standard for recusal under either 28 U.S.C. § 144 or § 455(a)").  Moreover, under 28 U.S.C. § 144, a "judge shall proceed no further" whenever a "party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice."  Thus, a party is required to submit a "timely and sufficient affidavit" when seeking recusal under § 144.  Because the plaintiff has not alleged personal bias except by reference to prior rulings in this case, she has not submitted a sufficient affidavit.  See *Kapordelis* at 499 (affirming denial of motion to recuse when motion was "based solely on decisions rendered in a previous case").  The plaintiff, therefore, has not established entitlement to relief under either 28 U.S.C. § 455 or 28 U.S.C. § 144.

Accordingly, the plaintiff's motion requesting another judge (Doc. 49) is **DENIED.**

**SO ORDERED**, this 10th day of October, 2018.

                                                    S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT